IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| KENNETH ERWIN, ) | |
| ) | No. 9:20-cv-0229-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| KILOLO KIJAKAZI, Acting Commissioner ) | |
| of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Magistrate Judge Molly H. Cherry's Report and Recommendation ("R&R"), ECF No. 19, that the court affirm the Commissioner of Social Security's ("Commissioner") decision denying claimant Kenneth Erwin's ("Erwin") application for disability insurance benefits ("DIB") and social security insurance ("SSI") under the Social Security Act (the "Act"). Erwin filed objections to the R&R. ECF No. 20. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I. BACKGROUND

### A. Procedural History

Erwin filed an application for DIB and SSI on April 11, 2014, alleging a disability onset date of September 6, 2013. The Social Security Administration (the "Agency") denied Erwin's application both initially and upon reconsideration. Erwin requested a hearing before an administrative law judge ("ALJ"), and ALJ James Martin presided over

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kijakazi is automatically substituted for Andrew Saul, former Commissioner, as the defendant in this lawsuit.

1

a hearing held on August 23, 2016. In a decision issued on October 5, 2016 (the "2016 ALJ Decision"), the ALJ determined that Erwin was not disabled within the meaning of the Act. Erwin requested review of the 2016 ALJ decision by the Appeals Council, and on July 29, 2017, the Appeals Council denied Erwin's request, making the 2016 ALJ Decision the final decision of the Commissioner.

Erwin filed a civil action seeking review of the 2016 ALJ Decision with this court on September 26, 2017. Erwin v. Berryhill, 9:17-cv-2588-DCN, ECF No. 1. Pursuant to 28 U.S.C. § 636 and Local Civ. Rule 73.02(B)(2)(a) (D.S.C.), that action was assigned to Magistrate Judge Bristow Marchant. On June 26, 2018, Magistrate Judge Marchant issued an R&R, in which he determined that the ALJ, in reaching his decision, erred by improperly relying on the testimony of a vocational expert ("VE"), thereby requiring a remand of this case for further review. Tr. 603. On July 9, 2018, the court adopted the 2018 R&R, reversing the Commissioner's decision and remanding the matter to the ALJ for further evaluation of the evidence. Tr. 597–98. On March 15, 2019, the ALJ held a second administrative hearing. On May 8, 2019, the ALJ issued a second decision (the "2019 ALJ Decision") in which he again found that Erwin was not disabled. The Appeals Council denied Erwin's request for review, making the 2019 ALJ Decision the Commissioner's final decision.

Erwin filed an action seeking review of the 2019 ALJ Decision with this court on January 23, 2020. ECF No. 1. On May 6, 2021, Magistrate Judge Cherry issued the R&R, recommending that the court affirm the 2019 ALJ decision. ECF No. 19. Erwin filed objections to the R&R on May 20, 2021, ECF No. 20, and the Commissioner filed a

response on June 3, 2021, ECF No. 21.  Thus, this matter has been fully briefed and is ripe for the court's review.

### B. Medical History

The parties are familiar with Erwin's medical history, the facts of which are ably recited by both the 2018 and the 2019 R&Rs.  Therefore, the court dispenses with a lengthy recitation thereof and instead briefly recounts those facts material to its review of Erwin's objections to the instant R&R.  Erwin alleges a disability onset date of September 6, 2013 when he injured his lower back in a motor vehicle accident.  His date of last insured is December 31, 2018.  Erwin alleges disability due to degenerative disc disease, borderline intellectual functioning, panic disorder, major depressive disorder, post-traumatic stress disorder, hypertension, and obesity.  Erwin completed ninth grade and was previously employed as a construction worker.

### C. The 2019 ALJ Decision

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505.  The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled.  See 20 C.F.R. §§ 404.1520, 416.920.  Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an impairment contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering

vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job.  See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981).  The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).  "If an applicant's claim fails at any step of the [sequential evaluation] process, the ALJ need not advance to the subsequent steps."  Id. (citing Hunter, 993 F.2d at 35).

To determine whether Erwin was disabled from his alleged onset date of September 6, 2013 until December 31, 2018, his date of last insured, the ALJ employed the statutorily required five-step evaluation process.  At the first step, the ALJ found that Erwin has not engaged in substantial gainful activity since his alleged onset date.  Tr. 434.  At the second step, the ALJ found that Erwin has the following severe impairments: degenerative disc disease, borderline intellectual functioning, panic disorder, major depressive disorder, and post-traumatic stress disorder.  Tr. 435.  At the third step, the ALJ found that Erwin does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in the Agency's Listing of Impairments, 20 CFR § 404.1520(d) et seq.  Tr. 435–36.  Before reaching the fourth step, the ALJ determined that Erwin retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 C.F.R. [§§] 404.1567(b) and 416.967(b) (lifting and/or carrying 20 pounds occasionally and 10 pounds frequently; sit, stand, and/or walk for 6 hours each in an eight-hour workday; push and pull as much as he could lift and/or carry) except that the claimant can never climb ladders, ropes, or scaffolds; the claimant can occasionally climb ramps or stairs, stoop, kneel, crouch, and crawl; the claimant could frequently balance; the claimant could frequently be in an environment with unprotected heights and moving mechanical parts; the claimant can sustain concentration persistence, and pace sufficient to perform unskilled work activities; with respect to use of judgement, the claimant can perform simple work-related decisions; and the claimant can occasionally interact with the public.

Tr. 437. At the fourth step, the ALJ found that Erwin was "unable to perform any past relevant work." Tr. 446. However, at step five, in considering Erwin's age, education, work experience, and residual functional capacity, and based on the testimony of a VE, the ALJ found that Erwin could perform other work that exists in significant numbers in the national economy. Tr. 446. As such, the ALJ concluded that Erwin was not disabled under the meaning of the Social Security Act during the period at issue. Tr. 447.

## II. STANDARD

This court is charged with conducting a de novo review of any portion of the Magistrate Judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). The recommendation of the Magistrate Judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the R&R only for

clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted). Although the district court's role is limited, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). Further, although the court will not reweigh the evidence considered, the Commissioner's findings of fact are not binding where they are based on an improper legal standard. Coffman v. Bowen, 829 F.2d 514, 519 (4th Cir. 1987).

### III.  DISCUSSION

Erwin effectively makes only one objection to the R&R—that the Magistrate Judge erred in finding that the ALJ's RFC determination is supported by substantial

evidence. Specifically, Erwin argues that the ALJ's RFC determination exceeds the limitations described by two state agency psychological consultants. The court disagrees and overrules the objection.

In evaluating Erwin, two state agency psychological consultants opined that Erwin could "understand and remember short and simple instructions" but "could not understand and remember detailed instructions," and that he could "carry out very short and simple instructions" but could "not carry out detailed instructions." Tr. 551, 570. The ALJ gave these opinions "great weight" in determining that Erwin retains the RFC to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b); to "sustain concentration, persistence, and pace sufficient to perform unskilled work activities"; and to "use [] judgment" to "perform simple work-related decisions." Tr. 437, 443–44. In response to hypothetical questions incorporating the ALJ's determination of Erwin's RFC limitations, a VE opined that Erwin could perform jobs with a GED reasoning level of 2. The ALJ accepted the VE's testimony and found that Erwin was not disabled because he retained the ability to perform other work that exists in significant numbers in the national economy. Tr. 446–47. Erwin argues that the ALJ failed to reconcile the consultants' opinions with the limitations provided in his RFC. Moreover, Erwin argues that, had the ALJ included the consultants' limitations regarding Erwin's ability to understand, remember, and carry out instructions in the hypotheticals posed to the VE, the VE may not have found that the same jobs were available to Erwin.

In the R&R, the Magistrate Judge found no disconnect between the consultants' opinions and the limitations in the RFC. She noted that

> Erwin fail[ed] to explain how the ALJ's RFC finding, which found that Erwin could perform "unskilled work activities" and could perform "simple

7

> work-related decisions" exceeds or is somehow inconsistent with the state agency psychological consultants' finding that Erwin could "understand and remember short and simple instructions" but "could not understand and remember detailed instructions" and that he could "carry out very short and simple instructions" but could "not carry out detailed instructions."

ECF No. 19 at 8. In his objections, Erwin cites for the first time a case strikingly similar to the one before the court that clarifies the nature of his objection. In <u>Sprouse v. Saul</u>, two state agency consultants opined that the claimant could "understand and remember <u>short and simple instructions</u> and was capable of performing simple tasks without special supervision." 2021 WL 1929735, at *2 (D.S.C. Apr. 28, 2021), <u>report and recommendation adopted</u>, 2021 WL 1929370 (D.S.C. May 13, 2021) (emphasis in original). The ALJ gave those opinions "great weight" and found that the claimant had the RFC to "sustain concentration, persistence and pace sufficient to perform unskilled work and her use of judgment is limited to performing simple work[-]related decisions." <u>Id.</u> at *1. The court found that the ALJ failed to "reconcile" the finding that the claimant had the RFC to perform "unskilled work" and make "simple work[-]related decisions" with the two agency consultant opinions that the claimant could understand and remember only "short and simple instructions." <u>Id.</u> at *4. The court explained, "The ability to perform 'unskilled' work differs from the ability to understand and remember 'short and simple instructions.'" <u>Id.</u> (citing <u>Thomas v. Berryhill</u>, 916 F.3d 307, 313–14 (4th Cir. 2019)). Likewise, having the judgment to make "simple work[-]related decisions" differs from the ability to understand and remember "short and simple instructions." After explaining the distinction between the claimant's RFC and the consultants' opinions, the court found that,

> While the ALJ is not required to convert exact opinions into an exact RFC, where the ALJ gives great weight to an opinion, the ALJ then cannot ignore

8

> the opined limitations in explaining and formulating the RFC determination. The evaluation of the RFC is not in a vacuum apart from the evaluation of the opinion evidence. The court is left to guess why the opined limitation to short and simple instructions and simple tasks was rejected by the ALJ without explanation where the ALJ gave great weight to such opinions containing said limitation.

Id. Because the ALJ did not provide adequate explanation for omitting the consultants' limitations from the claimant's RFC, the court remanded the matter to the commissioner for further proceedings. Id. at *5; 2021 WL 1929370, at *1.

With the benefit of Erwin's belated caselaw citation, the court can see the disconnect that the Magistrate Judge did not. The ALJ did not incorporate the two state agency consultants' opinions that Erwin could understand, remember, and carry out only "short and simple instructions," Tr. 551, 570, when he limited Erwin to "unskilled work activities" and "simple work-related decisions," Tr. 437. As Sprouse makes clear, the ability to understand and remember "short and simple instructions" is different than the ability to perform "unskilled" work and the judgment to make "simple work-related decisions." Sprouse, 2021 WL 1929735, at *2. The ALJ did not incorporate the former limitation by virtue of his inclusion of the latter in Erwin's RFC. Nevertheless, there is one critical distinction between this case and Sprouse. Here, the ALJ specifically explained why he gave great weight to the two consultants' opinions but then excluded from the RFC additional limitations set forth in those opinions. In his decision, the ALJ explained:

> The deficits in recall and the claimant's borderline intellectual functioning has been taken into account in limiting him to unskilled work activities and simple work-related decisions. Further, the claimant is limited to only occasional interaction with the public due to his panic disorder and PTSD with findings of an abnormal mood/affect. Overall, it appears that the claimant's mental symptoms are fairly well controlled on medication. The abnormalities noted on the last two consultative psychological evaluations

> are not seen in the notes of the claimant's treating providers, which typically show normal memory, attention, thought processes, cognitive functioning, and speech.

Tr. 443. As the Magistrate Judge correctly noted, because of this explanation, the "Court is not 'left to guess' at how the ALJ came to his RFC determination." ECF No. 19 at 8. The ALJ acknowledged that the consultants observed additional abnormalities, but that these observations were inconsistent with the notes and assessments of treating providers. In reaching this conclusion, the ALJ "meticulously detailed the evidence in the record," including those notes and assessments. Id. (citing Tr. 441–43). It is outside the province of this court to reweigh the evidence considered by the ALJ or substitute its judgment for his. The ALJ properly explained his exclusion of additional mental limitations based on the consultants' opinions, and the RFC provided by the ALJ is supported by substantial evidence. The court's limited inquiry ends there. Moreover, because Erwin's RFC is supported by substantial evidence, the court need not consider whether the VE would have found less or no jobs available to Erwin if he was told that the hypothetical individual could not understand, remember, or carry out detailed instructions. The ALJ posed proper hypotheticals to the VE based on Erwin's RFC—an RFC that was supported by substantial evidence. The court therefore overrules Erwin's objections.

## IV.  CONCLUSION

Based on the foregoing, the court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 2, 2021**
**Charleston, South Carolina**